

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Miss Evelyn Lincoln Archer
County Attorney
Aransas County
Rockport, Texas

Dear Miss Archer:

Opinion No. O-5510
Re: Homestead exemption of
head of a family subse-
quent to dissolution of
the family.

Your opinion request of August 5, 1943, reads
in part as follows:

"The question of exempting homes of
single men or not, has been brought to my
attention in connection with making up the
tax rolls for our county. The cases under
question are surrounded by the following
facts:

"A case where the man is now single,
having become a single man through death
of the wife, and there being no children
in the home to create the family unit af-
ter such death of wife. The single men
now live in these homes. Is it not true
that the homestead character has been set
so as to exempt them from State tax up to
the Statutory amount, or not?

"  . . . . "

We assume the following facts in connection
with your inquiry:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Miss Evelyn Lincoln Archer, Page 2

(a)   That the properties involved former-
ly constituted residence homesteads by virtue
of their being occupied as such by qualified
family units.

(b)   That such residence homesteads for-
merly were entitled to the exemption from
State taxation provided by Section 1a of Ar-
ticle VIII of our Constitution.

(c)   That the properties have continued
to be occupied as homes by widowers who are
the surviving members of their former fami-
lies and who formerly were the heads of their
families.

In Woods v. Alvarado State Bank, 19 S.W. (2d)
35, our Supreme Court was confronted with the question of
whether or not a homestead in which a divorced father and
two minor children had lived would continue to be such af-
ter the children had attained their majority and moved
away leaving the father the sole occupant of the property.
After a scholarly review of the history of homestead leg-
islation and of the prior cases in this and other jurisdic-
tions, the court, speaking through Chief Justice Cureton,
said at p. 36:

"In view of our constitutional and stat-
utory provisions concerning homestead rights,
we have concluded that in this state the home-
stead is to be regarded as an estate created
not only for the protection of the family as
a whole, but for the units of the family, in-
cluding those who survive, and embracing the
head of the family at the time of its disso-
lution, whether the dissolution has been
brought about by death or by dispersal, as
distinguished from a mere privilege accorded
the head of the family for the benefit of the
family as a whole."

Similar in facts and identical in conclusion is
the case of Daniel v. Cook, et al., 70 S.W. (2d) 1024 (Civ.
App.).

Miss Evelyn Lincoln Archer, Page 3


          Consequently, you are respectfully advised
that the properties under consideration remain entitled
to the exemption provided by Section 1a of Article VIII
of our Constitution despite the dissolution by death of
the families of the present occupants of the land.

          Your letter also contained an inquiry with
respect to the travelling expenses of officers convey-
ing patients to state hospitals. We feel that this in-
quiry is answered by our Opinions O-3671 and O-3284;
consequently, we are enclosing copies of those opinions
herewith.

          Trusting that the foregoing discussion and the
enclosed opinions satisfactorily answer your inquiries,
we are

                              Very truly yours

                              ATTORNEY GENERAL OF TEXAS

                         By  R. Dean Moorhead

                              R. Dean Moorhead
                                   Assistant


RDM:ff
Encls.


APPROVED AUG 20, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY RWJ
CHAIRMAN